United States District Court
Southern District of Texas
**ENTERED**
April 12, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THOMAS WAYNE FLORENCE, TDCJ #01729344, | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-CV-376 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## ORDER

Thomas Wayne Florence (TDCJ #01729344) is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") who was convicted of statutory rape after he impregnated a sixteen-year-old girl. Florence has filed four petitions for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction. The Court dismissed the first petition without prejudice for failure to exhaust state court remedies (Case No. 3:12-CV-25 at Dkt. 23).

Florence filed his other three petitions independently of one another after the dismissal of his first one. The Court consolidated those three petitions under the instant cause number, 3:14-CV-376, and dismissed all three with prejudice by way of a memorandum opinion and final judgment entered on February 2, 2016 (Dkt. 90 and Dkt. 91).

Since the entry of that final judgment, Florence has filed fourteen documents in this case, which averages out to more than one a week.[1] Three are styled as Rule 59(e) motions seeking alteration or amendment of the Court's judgment (Dkt. 92, Dkt. 93, and Dkt. 98). The other eleven filings are evidently intended to be supporting exhibits and briefing, although they raise a few arguments on their own, such as Florence's contention that, in the interest of justice, the Court must recuse itself and appoint former Texas Court of Criminal Appeals Judge John Onion to hear Florence's case because this Court does not understand Texas law (Dkt. 94).

The supporting documents include 200 pages of Florence's wife's cell phone records and several newspaper articles about unrelated cases handled by the Galveston County District Attorney's office (Dkt. 100 and Dkt. 101). According to Florence, these documents bolster his rejected habeas claims, and Florence continues to press those claims. Florence continues to argue, for instance, that the state trial court lacked jurisdiction over him because the indictment used to charge him was supported by an allegedly deficient affidavit sworn out by one of the investigating officers. As the Court already explained in its opinion, because the indictment was facially valid and presented by a legally constituted grand jury, it was sufficient to confer jurisdiction on the state trial court. *See State v. Rosenbaum*, 910 S.W.2d 934, 947 (Tex. Crim. App. 1994) (dissenting opinion, adopted on rehearing) ("A charging instrument returned by a legally constituted grand jury and valid on its face is

---

[1] Not included in that total is a letter requesting copies of the docket sheet and other documents (Dkt. 103).

2

sufficient to mandate trial of the charge on its merits."). That is the end of the analysis. For jurisdictional purposes, the affidavit is immaterial: in fact, a court considering a motion to quash an indictment under Texas law may not even consider evidence beyond the four corners of the indictment. *Id.* at 947–48; *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 919 & n.68 (Tex. Crim. App. 2011).

In short, having examined the pleadings and supporting documents, the Court concludes that Florence is using Federal Rule of Civil Procedure 59(e) to attack the substance of this Court's resolution of his habeas claims on the merits and not to attack some defect in the integrity of the habeas proceedings.[2] The Court will therefore treat Florence's post-judgment filings as one piecemeal Rule 59(e) motion and in turn construe that Rule 59(e) motion as a successive Section 2254 petition. *Williams v. Thaler*, 602 F.3d 291, 301–05 & n.10 (5th Cir. 2010). Under 28 U.S.C. § 2244(b), Florence must obtain authorization from the Fifth Circuit to file a successive Section 2254 petition. He has not done so, and this Court will dismiss the successive Section 2254 petition for lack of jurisdiction. *Id.*; *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

---

[2] "Examples of motions attacking a defect in the integrity of the federal habeas proceedings include a claim of fraud on the court or challenges to a court's procedural ruling which precluded a merits determination, such as when a ruling is based on an alleged failure to exhaust, a procedural default, or a time-bar determination." *United States v. Brown*, 547 Fed. App'x 637, 641 (5th Cir. 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 nn.4–5 (2005)).

## **CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court will do so.

Florence's successive Section 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal from the dismissal of that petition may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*,

537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment and ruling debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Florence's post-judgment filings (Dkt. 92–Dkt. 106) are considered together as a motion under Federal Rule of Civil Procedure 59(e). That motion is in turn construed as an unauthorized successive application for habeas corpus relief under 28 U.S.C. § 2254 and is **DISMISSED** without prejudice for lack of jurisdiction.

2. Florence is **ORDERED NOT TO FILE ANY OTHER MOTIONS IN THIS CASE.**

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on ___April 11___, 2016.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

5