Case 3:14-cv-00376 Document 118 Filed in TXSD on 05/31/16 Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
June 02, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THOMAS WAYNE FLORENCE, TDCJ #01729344, | § § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-376 |
| | § | |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## ORDER

The petitioner, Thomas Wayne Florence (TDCJ #01729344), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He was convicted of statutory rape in a Texas state court because he impregnated A.G., a sixteen-year-old girl. An appeal stemming from this case is pending in the Fifth Circuit; but there are two motions (Dkt. 115 and Dkt. 116) pending in this Court, both of which are **DENIED** for the reasons given below. Because the Clerk of this Court is diligently attempting to provide the Fifth Circuit with a complete record, Florence is also, again, **ORDERED** not to file any more documents in this case while the case is on appeal.

### I. BACKGROUND

Florence has filed four petitions for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction. The Court dismissed the first petition without prejudice for failure to exhaust state court remedies (Case No. 3:12-CV-25 at Dkt. 23).

The other three petitions were filed independently of one another after the dismissal of the first. Pursuant to Federal Rule of Civil Procedure 42(a), this Court consolidated those three petitions (Case Nos. 3:14-CV-376, 3:15-CV-127, and 3:15-CV-128) into the instant case number and entered a final judgment dismissing all three with prejudice (Dkt. 90 and Dkt. 91).

Florence did not immediately appeal the final judgment. Instead, he continued his practice of bombarding this Court—as he did the state courts (Dkt. 45–61, Dkt. 81)—with belligerent, nonsensical pleadings and voluminous collections of documents bearing no connection to the relevant legal issues. During the two-month period between February 2, 2016 (the date of entry of the final judgment) and April 8, 2016, Florence submitted fourteen post-judgment filings (Dkt. 92–Dkt. 102; Dkt. 104–Dkt. 106)—an average of more than one filing a week—that totaled 486 pages. Because three of those fourteen filings, including the first two, were styled as Rule 59(e) motions (Dkt. 92, Dkt. 93, and Dkt. 98), the Court construed the fourteen filings as a piecemeal Rule 59(e) motion. The Court then construed that motion as an unauthorized successive habeas petition and dismissed it without prejudice for lack of jurisdiction (Dkt. 107). *See Williams v. Thaler,* 602 F.3d 291, 301–05 & n.10 (5th Cir. 2010).

Anticipating the inevitable appeal of either the final judgment or the Court's order dismissing the piecemeal motion, the Court also ordered Florence not to file any other motions in this case (Dkt. 107) because unresolved motions make it more difficult for the Clerk of this Court to expediently provide a complete record to the Fifth Circuit. Florence, as expected, did appeal (Dkt. 109), but he has nevertheless filed another motion

asking this Court to amend its judgment (Dkt. 115). Florence does not invoke a particular rule, and the motion is too late to be a valid Rule 59(e) motion. *See* FED. R. CIV. P. 59(e) (requiring litigant to file the motion within 28 days of the entry of the judgment). The Court will construe the motion as one made under Rule 60(b) because Florence is claiming to have been denied a full and fair hearing and is seeking an alteration of the Court's ruling. *See Perez v. Stephens*, 745 F.3d 174, 181 (5th Cir. 2014).

## II. THE ALLEGED DEFECT

Florence argues that there was a defect in the habeas proceedings because the docket sheet does not contain one of Florence's many filings responding to a motion for summary judgment filed by the Respondent. According to Florence, the Clerk did not docket a response that he filed on December 2, 2015. Florence describes this purportedly omitted response as "crucial" (Dkt. 115 at p. 5), although it is presumably no more important than Florence's ten other responses to the summary judgment motion (Dkt. 79, Dkt. 80, and Dkts. 82–89). Because Florence claims to have mailed the missing response to the Houston Division (Dkt. 115 at p. 9), the Court contacted the Clerk's offices in both the Galveston Division and the Houston Division. Neither one could find a filing from Florence dated December 2, 2015, and neither one could find any filing that had not already been docketed.

In the end, the content of the missing filing is immaterial because only one of Florence's habeas claims survives even a facial examination of Florence's pleadings, and the pertinent facts regarding that claim are not just undisputed but judicially noticeable. Florence's incessant efforts to keep his claims afloat by submitting hundreds of pages of

cell phone records, documents from unrelated cases, newspaper articles, and (perhaps most bizarrely) training manuals for Texas justices of the peace reflect either ignorance of or a conscious refusal to acknowledge this reality.

### III. FLORENCE'S HABEAS CLAIMS

To briefly summarize the Court's prior discussions, Florence's consolidated habeas petitions raised the following five claims:

(1) He was illegally arrested and detained;

(2) The instrument used to charge him was defective, so the trial court lacked jurisdiction over his case;

(3) Newly discovered evidence establishes his actual innocence;

(4) A sample of A.G.'s DNA was obtained illegally; and

(5) The state habeas courts were biased against him.

The first, third, fourth, and fifth claims cannot succeed for reasons that are plain on the face of the pleadings. Consideration of the first claim is foreclosed by *Stone v. Powell*, 428 U.S. 465, 494 (1976). The third claim is not viable because actual innocence is not an independent ground for federal habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). The fourth claim must fail because Fourth Amendment claims, even if one avoids the *Stone* bar, may not be asserted vicariously. *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978). The fifth claim must fail because errors in state habeas proceedings do not constitute grounds for relief in federal court. *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999).

That leaves the second claim, which Florence is pressing the hardest. As it turns out, the second claim is, like the others, foreclosed to this Court; Florence made the very same jurisdictional arguments regarding the sufficiency of the charging instrument to the Texas Court of Criminal Appeals, which rejected them (Dkt. 1 at p. 7; Dkt. 57-17 at pp. 10–19). *Millard v. Lynaugh*, 810 F.2d 1403, 1407 (5th Cir. 1987). Nevertheless, Florence does not seem to understand that he was charged by indictment and not by information and affidavit, so the Court has discussed the claim in some depth in its prior orders (Dkt. 90 at pp. 6–8; Dkt. 107 at pp. 2–3) in a vain effort at clarification. It is a matter of judicially noticeable public record that Florence was charged by grand jury indictment and that the indictment was presented to the state court in which Florence was tried. *See* Galveston County Criminal Case Number 10CR1217. The State has also filed authenticated copies of the pertinent records. Because the indictment was facially valid and returned by a legally constituted grand jury, the presentment of the indictment invested the state court with jurisdiction over Florence's case. *Teal v. State*, 230 S.W.3d 172, 174–76 & n.19 (Tex. Crim. App. 2007); *State v. Rosenbaum*, 910 S.W.2d 934, 947 (Tex. Crim. App. 1994) (dissenting opinion, adopted on rehearing).

The state trial court had jurisdiction over Florence's case, regardless of what Florence's purportedly lost filing says. Florence's failure or refusal to understand how indictments work in Texas does not create a genuine issue of material fact or make his claims for federal habeas relief viable. Florence's motion for reconsideration (Dkt. 115) is **DENIED**.

Florence also recently filed a motion for leave to appeal in forma pauperis (Dkt. 116), even though the Court has already denied such a motion. The second motion to appeal in forma pauperis is **DENIED** for the reasons articulated in the order denying the first (Dkt. 114).

Florence is **ORDERED** not to file any more documents in this case while the case is on appeal, and the Clerk of this Court is consequently **ORDERED** not to accept any filings from Florence while the case is on appeal. If Florence violates this order, the Court will strongly consider monetary sanctions.

The Clerk of this Court shall send a copy of this Order to the parties and to the Clerk of Court of the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit docket number is 16-40615.

SIGNED at Galveston, Texas, on May 31, 2016.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE